## CARLSON HOIST & MACHINE CO., Inc., v. VALENTINE.

### No. 262.

Circuit Court of Appeals, Second Circuit.
April 11, 1938.

148

Moses & Nolte, of New York City (James N. Catlow, of New York City, of counsel), for appellant.

Hauff & Warland, of New York City (William E. Warland and A. A. Orlinger, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

This appeal depends upon the meaning of Rule 4 of the Equity Rules of the District Court for the Eastern District of New York: "If justice requires, the court after issue joined, may refuse to permit the plaintiff to discontinue, even though the defendant cannot have affirmative relief under the pleadings, and though his only prejudice is the vexation and expense of a possible second suit upon the same cause of action." The suit had been at issue nearly nine months, and when it came on for trial at the equity term, the plaintiff, without any previous intimation of such a purpose, moved to dismiss it without prejudice. Its excuse was that the defendant had ceased using the supposed infringing hoist and was then using the plaintiff's. Although they had not formally intervened, the manufacturer of the Levinstim hoist, which the defendant had abandoned, had taken over the defense of this suit; and it insisted upon going on with it to final decree. This the judge ruled that it might do, upon which the plaintiff defaulted, and left the court. The manufacturer on the defendant's behalf then put in a defense, at the conclusion of which the bill was dismissed on the merits. The plaintiff complains that this was an abuse of discretion; but we cannot agree. It did not at all follow because the defendant had given up the Levinstim hoist and begun to use the Carlson, that the controversy had become moot. He was being defended by the makers of the first, and had shown his original preference for it; there was no reason to suppose that in other buildings he would not go back to it, if his first choice turned out not to be an infringement. Rule 4 was intended to deprive a plaintiff in equity of his ancient power to discontinue his suit at any time at his pleasure, vexing the defendant with repeated litigation; it put the decision within the trial court's discretion. When a plaintiff waits until the cause is called for trial, and until the defendant has fully prepared and attends with his witnesses, it is certainly no abuse of discretion for the judge to hold that "justice requires" that the cause shall go to decree. To discontinue at such a time is some evidence of a disposition merely to harass the defendant.

Decree affirmed.